UNITED STATES of America,
Appellee,

v.

Sherman BOLLING, Defendant–
Appellant.

No. 02–1159.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2003.

Lauren Goldberg, Assistant United States Attorney, Southern District of New York, New York, N.Y. (Katherine Polk Failla, on the brief), for Appellee.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellee.

Present: McLAUGHLIN, KATZMANN, Circuit Judges, and SCHEINDLIN,* District Judge.

## SUMMARY ORDER

B.D. Parker, Jr., Circuit Judge.

Defendant Sherman Bolling appeals from a judgment of conviction and sentence entered by the United States District Court for the Southern District of New York (Parker, *J.*) following a jury trial.

The defendant was charged in a two-count Indictment with making and possessing counterfeit travelers checks with the intent to deceive another person or organization and with conspiring to do the same. Following jury selection on September 10, 2001, the District Court instructed the jury to return to court on September 17, 2001, for the beginning of trial. The trial was subsequently adjourned to September 24, 2001, as a result of the September 11, 2001 terrorist attacks.

When the parties appeared for trial, they were informed by the District Court that Ms. Neff, one of the jurors, had telephoned the court during the preceding week, saying that she was afraid and questioned her ability to be impartial. With the parties' consent, the District Court then called in the jurors, advised them, *inter alia*, of the importance of continuing with work during such difficult times, and inquired whether any of them believed that he or she would not be able to be fair and impartial. None of the jurors so indicated, and the defendant did not request any additional questioning of Juror Neff or of any of the other jurors. Accordingly, the District Court, without objection from the parties, directed that the jury be sworn.

After a two-day trial, the jury found the defendant guilty of both counts of the Indictment. In anticipation of sentencing, the Probation Office prepared a Pre–Sentence Investigation Report ("PSR"). The PSR detailed, *inter alia*, Bolling's lengthy criminal history, which included approximately thirteen criminal convictions dating back to May 1968. Because the Probation Office determined that only two of these convictions were within the time period set forth in section 4A1.2 of the Sentencing Guidelines for inclusion in the calculation of Bolling's Criminal History Category, Probation concluded that Bolling was in Criminal History Category IV. Although the Probation Office noted in the PSR that "[t]he Court may consider imposing an upward departure ... because the defendant's criminal history category may not adequately reflect the seriousness of the defendant's past criminal conduct," the Probation Office did not recommend an upward departure. Nor did the government seek such a departure.

At the sentencing hearing on February 28, 2002, the District Court departed up-

---

* The Honorable Shira A. Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

ward to Criminal History Category VI, finding that Criminal History Categories III and IV seriously understated Bolling's dangerousness. This appeal followed.

■ We first address Bolling's contention that the District Court's failure to question Juror Neff with respect to her ability to be fair and impartial, out of the presence of the other jurors, deprived him of his right to an impartial jury. Generally, we review a claim not asserted below for plain error and may correct an "error" that is "plain," "affect[s] substantial rights," and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alterations in original, internal quotation marks omitted). The government argues that by failing to contest the composition of the jury at the time the jury was sworn, Bolling waived his right to be tried by an impartial jury, and we therefore cannot consider his instant challenge at all. Indeed, waiver, "the intentional relinquishment or abandonment of a known right," in contrast to forfeiture, "the failure to make the timely assertion of a right," altogether extinguishes a claim premised on that right. *Olano*, 507 U.S. at 733, 113 S.Ct. 1770 (internal quotation marks omitted). But for purposes of this appeal, we need not determine whether Bolling waived his right to an impartial jury, because even applying plain error review, we find that the District Court committed no error.

"[D]ecisions as to when to question jurors and the manner of that inquiry are generally left to the trial judge's broad discretion." *United States v. Ruggiero*, 928 F.2d 1289, 1301 (2d Cir.1991). Broad discretion is warranted because the trial judge is in "the best position to evaluate the juror's demeanor and to determine, by the juror's answers to the judge's questions whether the juror could fairly and impartially hear the case." *United States v. Garcia*, 936 F.2d 648, 653 (2d Cir.1991) (citations and internal quotation marks omitted). Given this broad discretion and in light of Juror Neff's silence in response to the District Judge's inquiries, there is no basis to question the District Judge's conclusion that Juror Neff could be impartial. Bolling's contrary assertion that "[o]nce [the District Judge's] emotional speech was given, Ms. Neff must have felt that she could not express her doubts as to her own impartiality without seeming unpatriotic," finds no support in the record. As the District Court committed no error, we affirm the District Court's judgment of conviction.

We next address Bolling's contention that he was not afforded sufficient advance notice of the possibility of an upward departure. Because this claim was not raised at the time of sentencing, it is properly reviewed only for plain error. *See United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993) (noting that sentencing issues not raised in the trial court are waived on appeal in absence of " '[p]lain errors ... affecting substantial rights' " (quoting Fed R.Crim.P. 52(b))).

Pursuant to Federal Rule of Criminal Procedure 32(h), "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." This notice must be adequate to inform a party of "the factors the judge is planning to rely upon and why these factors warrant a departure." *United States v. Carter*, 203 F.3d 187, 190 (2d Cir.2000). The judge, however, need not personally provide the notice to the parties. "So long as the defendant is adequately warned that

he faces the possibility of an upward departure so that he will not be unfairly surprised and will have adequate opportunity to argue against it, the concern is satisfied," regardless of the source of the notice. *United States v. Contractor*, 926 F.2d 128, 131–32 (2d Cir.1991).

■ Here, the PSR noted under the heading "factors that may warrant departure": "The Court may consider imposing an upward departure ... because the defendant's criminal history category may not adequately reflect the seriousness of the defendant's past criminal conduct." An addendum to the PSR dated February 6, 2002, further reported that: (1) the instant conviction was Bolling's thirteenth criminal conviction; (2) Bolling's criminal history dated back to 1968; and (3) numerous attempts to deter Bolling had been futile. The PSR thus provided the defendant with notice of the factors relied upon by the District Judge and explained why these factors warranted departure. The fact that the PSR did not actually recommend departure does not affect the adequacy of the notice because Federal Rule of Criminal Procedure 32(h) requires only that the PSR "identif[y]" grounds for, not that it recommend, departure. *Id.* Moreover, even if Bolling did not receive adequate notice of the possibility of departure, he suffered no prejudice thereby because he opposed the departure before the District Court on the identical grounds he now urges on appeal. Any error on the basis of insufficient notice was therefore harmless.

Finally, we address Bolling's contention that the District Court improperly departed upward under section 4A1.3 of the Sentencing Guidelines. Section 401(d) of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), 18 U.S.C.A. § 3742(e) (West Supp.2003), requires that

we review *de novo* whether a district court's decision to depart is "justified by the facts of the case." *Id.* The PROTECT Act, however, is silent on the degree of deference owing to a district court's determination of the degree of the departure. *Id.* As before the Act's passage, we therefore consider whether, giving due deference to the sentencing court, the extent of the departure is reasonable. *United States v. Barressi*, 316 F.3d 69, 72 (2d Cir.2002).

■ Pursuant to section 4A1.3 of the Sentencing Guidelines, a district court may depart upward from the applicable Sentencing Guidelines range if the defendant's "criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3. In finding that this standard was satisfied, the District Court noted that Bolling had 13 prior convictions, that he likely only had two convictions within the relevant 15–year period because he was incarcerated much of the time, and that his past incarcerations had not "had any impact at all on his inclination to obey the law." These reasons provided ample support for the departure and were permissible under the Guidelines. Indeed, contrary to Bolling's assertion that the District Judge erred in considering his convictions outside the fifteen-year period contemplated by the Guidelines, section 4A1.3 of the Sentencing Guidelines lists "prior sentences not used in computing the criminal history category," as a factor that might warrant departure. Moreover, Bolling's contention that the District Court failed to find that he is likely to commit future crimes is belied by the record, as the District Judge expressly noted that Bolling's convictions had not had any impact on his inclination to obey the law. As to the extent of the departure, the District

Court's decision to depart from a 30–to–37 month range to a 41–to–51 month range was entirely reasonable given the factors cited by the Court. While Bolling complains that the District Court erred in jumping from Criminal History Category IV to VI without considering Criminal History Category V, we have held that "[a] sentencing court considering an upward departure under § 4A1.3 is not required … to pause at each category above the applicable one to consider whether the higher category adequately reflects the seriousness of the defendant's record." *United States v. Simmons,* 343 F.3d 72, 78 (2d Cir.2003). Accordingly, we affirm the District Court's sentence.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.